UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 24-cr-00228-LLA |
| | : | |
| **TYLER CAMPANELLA,** | : | |
| | : | |
| Defendant. | : | |

**MOTION TO SCHEDULE INITIAL APPEARANCE
AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America moves this Court to schedule an initial appearance sometime after June 26, 2024, and to exclude the from the filing of the Information on May 13, 2024, to the initial appearance under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial under the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the government and defendants state as follows:

- On January 26, 2024, the defendant was charged by Complaint with violations of 18 U.S.C. §§, 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds), (a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), and 40 U.S.C. § 5104(e)(2)(D) (Entering and Remaining in the Gallery of Congress), (e)(2)(D) (Disorderly Conduct in the Capitol Grounds or Buildings), (e)(2)(G) (Parading, Demonstrating or Picketing in the Capitol Grounds or Buildings) in connection with conduct occurring during the breach on the United States Capitol on January 6, 2021 (the "Capitol Attack").  The Defendant was arrested on April 17, 2024.  The government filed an information on May 13,

2024, charging the defendant with the same charged identified in the Complaint.

- The government provided counsel with defendant-specific preliminary discovery on April 30, 2024. In addition, the government provided defense counsel with access to databases containing materials relevant to Capitol Attack cases generally, that is, "global" discovery" (the Relativity and Evidence.com databases). As of January 24, 2023, over 4.89 million files (7.23 terabytes of information) have been provided to the defense Relativity workspace and over 30,000 files including body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies have been shared to the Evidence.com video repositories. The government provided supplemental discovery disclosures on May 1, 2024, and May 23, 2024. The latter disclosure contained some scoped results from the Defendant's iCloud account.

- The parties believe it is in the interests of justice to adjourn the initial appearance because the government the government may seek an indictment charging the defendant with a violation of 18 U.S.C. § 1512 based upon the materials found in the Defendant's iCloud account. In addition, defense counsel has requested additional information based upon the discovery already provided.

- The United States and counsel for Defendant have conferred regarding this motion and counsel for the Defendant has indicated that the Defendant assents to this motion, including both the continuance and the exclusion of time under the Speedy Trial Act.

**ARGUMENT**

2

Under the Speedy Trial Act, as a general matter, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.   18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment must be filed.  As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).   This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted.  *Id.*   Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

>   (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
>   (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>   . . .
>
>   (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably

> deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice. Given the gigabytes of information contained not only in case-specific discovery, but also the terabytes of information in the global discovery available to all defendants, it will take time to search and review discovery materials.

The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part

because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019)(upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts"); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (district court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones") (internal quotation marks omitted); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010) (upholding ninety-day ends-of-justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were on-going investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

In sum, due to the volume and nature of potentially discoverable materials and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, a potential forthcoming felony charge, and the Supreme Court's forthcoming opinion in *Fischer v. United States*, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, the government and the defendant respectfully request that this Court schedule an initial appearance sometime after June 26, 2024, and to exclude time from the filing of the Information on May 13, 2024, to the initial appearance under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial under the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), for the reasons detailed above.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

DATED: June 10, 2024     By:     /s/Anna Z. Krasinski
Anna Z. Krasinski
Assistant United States Attorney
N.H. Bar No. 276778
On Detail from the District of New Hampshire
202-809-2058
Anna.Krasinski@usdoj.gov