# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Case No: 1:24-cr-00228-LLA |
| ) | |
| **TYLER CAMPANELLA**, ) | Status Hearing: Nov. 12, 2024 |
| ) | |
| Defendant. ) | |

### Agreed Motion to Continue the Status Hearing

Counsel for the Defense and the Government have conferred and have determined that it is in the best interests of both parties to continue the status hearing set for November 12, 2024, to a date in February of 2025, and to agree to toll the speedy trial time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, as in the best interests of justice and in the best interests of both parties. In support thereof, the parties state as follows:

1. After the setting of this status hearing date, the Government indicted Mr. Campanella for felony Obstruction as well as misdemeanor charges related to entry into the Capitol on January 6. On September 26, 2024, Mr. Campanella pleaded Not Guilty to the full indictment. *See* ECF No. 21.

2. Mr. Campanella fully contests the felony Obstruction charge and intends to file pretrial motions as well as motions *in limine* pursuant to the Supreme Court's decision in *Fischer*.

3. The parties have been in discussions regarding the legal issues, and the facts of this case with respect to those legal issues. In an attempt to avoid uneconomic use of this Court's

time with hearings and motions, the parties request additional time to continue out-of-court discussions with respect to these issues — which the parties to be resolved without the need for complex litigation, which would ultimately be required to settle the differences between the positions of the parties as they currently stand if the parties do not come to a mutual agreement.

4. Additionally, the parties wish to continue discussions of a global resolution of this case through a potential plea deal.

5. Furthermore, the Government continues to produce, and the defense continues to review, massive volumes of discovery— totaling gigabytes of information contained not only in case-specific discovery but also the terabytes of information in the global discovery available to all January 6 defendants.

6. The parties, therefore, believe that tolling the Speedy Trial Act time is appropriate, warranted, and even necessary. The tolling is in the interest of justice, the Government, and the defendant.

7. Mr. Campanella fully understands his Speedy Trial Act rights and knowingly and voluntarily agrees to toll the speedy trial clock during the period of the continuance, through a date in February of 2025.

8. The balance of all interests in this case favor a continuance and a tolling of the Speedy Trial Act time pursuant to the interests of justice.

9. An interests of justice finding is entirely within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to

grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

WHEREFORE, the parties jointly and respectfully request a continuance of the Status Hearing to a date in February of 2025 that is agreeable to all parties.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
277 S Washington St | Ste 210
Alexandria, Virginia 22314
Phone: (703) 870-3300
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on November 12, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.